**GOVERNMENT OF ISRAEL, and Agricultural Export Company Ltd. of Israel (AGREXCO), Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF COMMERCE, INTERNATIONAL TRADE ADMINISTRATION, Defendant,**

**and**

**Roses Inc. Import Action Committee of the Floral Trade Council, Intervenor–Defendant.**

**Court No. 87–01–00036.**

United States Court of International Trade.

Aug. 1, 1990.

Kaplan Russin & Vecchi, Dennis James, Jr. and Kathleen F. Patterson, Washington, D.C., for plaintiffs.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, A. David Lafer, Washington, D.C., for defendant.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and Charles A. St. Charles, Washington, D.C., for intervenor-defendant.

## MEMORANDUM & ORDER

AQUILINO, Judge:

This action was dismissed in accordance with the court's slip op. 90–36, 14 CIT ——, 734 F.Supp. 1021 (1990), familiarity with which is presumed.

The plaintiffs have interposed a motion for rehearing, praying for vacation of the judgment of dismissal, plus motions for leave to amend the complaint and for oral argument in support of the indicated requests for relief. After filing these motions, the plaintiffs filed a notice of appeal to the U.S. Court of Appeals for the Federal Circuit. However, that court has now entered a voluntary order of dismissal of the appeal, No. 90–1385 (July 24, 1990), thereby clearing away any cloud the plaintiffs may have cast over this court's jurisdiction to resolve their motions. *Compare, e.g.,* Opposition of Roses Inc. ... to Plaintiffs' Motions § V ("Amendment of a Complaint Generally May Not Occur After Appeal is Taken") *with* Federal Rule of Appellate Procedure 4(a)(4).

The motion at bar for rehearing focuses primarily on the passing reference in slip op. 90–36 that "this court lacks jurisdiction now to reach the position the plaintiffs are attempting to press", 14 CIT at ——, 734 F.Supp. at 1023, citing *Cementos Guadalajara, S.A. v. United States,* 12 CIT ——, ——, 686 F.Supp. 335, 353 (1988), and *Cementos Anahuac del Golfo, S.A. v. United States,* 12 CIT ——, ——, 689 F.Supp. 1191, 1206 (1988), *aff'd,* 879 F.2d 847 (Fed.Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1318, 108 L.Ed.2d 494 (1990). The plaintiffs express confidence that this court does not lack subject-matter jurisdiction to grant them relief, if not under subsection (c) of 28 U.S.C. § 1581 in view of the fact that all of the entries which comprise the foundation of this proceeding predate Israel's having become a "country under the Agreement" within the meaning of 19 U.S.C. § 1671(b), then under section 1581(i). Indeed, the defendant sides in part with the plaintiffs on this point, arguing that, while in *Cementos Guadalajara*

the Commerce Department had made *no* determination as to whether importations made on or after Mexico's accession GATT [*sic*] would be entitled to an injury determination ..., during the proceeding in issue in this case, the ... Department (1) specifically determined that Israel would not be entitled to an injury determination with respect to importations of fresh cut roses made on or after ... recogni[tion] as a "country under the agreement" *and* (2) refused to revoke the outstanding countervailing duty order with regard to entries made after th[at] recognition....

Thus, the ... Department made its determination with regard to post-recognition entries during its administrative review of fresh cut roses from Israel covering the period October 1, 1981 through September 30, 1984. Because

the ... final results of that review, which included the determination with regard to post-recognition entries, were published, pursuant to 19 U.S.C. § 1675(a), the determination with regard post-recognition entries was reviewable by this Court pursuant to 28 U.S.C. § 1581(c), as provided in 19 U.S.C. § 1516a. This was so despite the fact that no post-recognition entries were actually covered by the review.

Because this Court possesses jurisdiction under 28 U.S.C. § 1581(c) to review the ... Department's determination to the effect that Israel was not entitled to an injury determination with respect to importations of fresh cut roses made on or after [it]s recognition as a "country under the Agreement," resort to this Court's residual jurisdiction contained in 28 U.S.C. § 1581(i) is not necessary.[1]

In other words, according to this rationale, whenever the defendant previews its reaction in the future on administrative review of past trade with a friendly foreign country under the Agreement, it acquiesces in present judicial review of that premonition, but whenever the defendant does not provide such a preview, it does not so acquiesce. Either way, however, this approach does not actually affect the court's subject-matter jurisdiction, which is not in doubt.

Rather, what has been affected is the analysis of the important substantive issue raised by countries like Mexico and Israel. *See* slip op. 90–36, quoting *Cementos Guadalajara* at 14 CIT at ——, 734 F.Supp. at 1023–24. On that substantive issue, the plaintiffs claim to have consistently contended that

> an injury test is clearly required, absent any U.S. law to the contrary. The specific issues raised by Plaintiffs were not addressed by the CAFC in *Cementos Guadalajara, S.A.* ... or in *Cementos*

*Anahuac, S.A.* ... because of the different factual situations involved therein. Those cases are simply not controlling here.[2]

This court cannot and therefore does not concur that those cases are not controlling. *Cf. Cementos Anahuac del Golfo, S.A. v. United States*, 12 CIT ——, 687 F.Supp. 1558 (1988), *rev'd*, 879 F.2d 847 (Fed.Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1318, 108 L.Ed.2d 494 (1990).

Of course, this disagreement is not a matter for rehearing, it is the province of the court of appeals. Plaintiffs' motions for rehearing by this court, leave to amend the complaint and oral argument[3] must therefore be denied.

So ordered.

---

1. Defendant's Response to Plaintiffs' Motion for Rehearing and Motion for Leave to Amend the Complaint, pp. 3–4 (emphasis in original, footnote omitted).

2. Plaintiffs' Reply to Opposition to Plaintiffs' Motions, pp. 3–4.

3. The quality of the parties' written submissions obviated any need to burden them with oral explication.